UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| YOLANDA YOUNG-SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-cv-275 |
| | ) | |
| REBECCA A. HOLT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Plaintiff Yolanda Young-Smith, who is proceeding *pro se*, has another case pending in this district before Judge Lee (3:07-cv-629), which involves employment discrimination claims against her former employer (Bayer Healthcare) and her union (United Steelworkers of America). She settled her claim against Bayer in late 2009, but her claim against the union remains pending. Young-Smith filed *this* lawsuit because she has now come to believe that the settlement with Bayer was a raw deal for her, that her attorney didn't have her best interests in mind throughout the litigation, and that her attorney, the Union's attorney, and the rest of the individually named defendants here have been perpetrating numerous frauds on the Court and defaming her to no end.

The amended complaint, which is now in its third iteration, is a machine gun spray of allegations covering 112 pages, 156 pages of attachments and a later-filed 118-page "supplement." The claims include defamation, false light, invasion of privacy, injurious falsehood, intentional and negligent infliction of emotional distress, fraud, deceit, collusion, perjury, and legal malpractice. All of these claims are based on state law. So for this Court to

1

properly have jurisdiction over this case there must be some basis for federal subject-matter jurisdiction, either via federal-question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1331 and 1332.

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). It's obvious from the face of the complaint that complete diversity of citizenship is not present here (the Plaintiff is clearly a citizen of Indiana, as are multiple Defendants). Thus, the question is whether federal-question jurisdiction exists, which "arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316–17 (7th Cir. 1997) (internal quotations omitted).

As explained in the rest of this Opinion, I ultimately conclude that federal-question jurisdiction is not present in this case. Before proceeding to that analysis, however, let me step back with a note that I hope gives some perspective to the rest of this Opinion. It is clear that, outside of this case, Young-Smith *does* have cause of action sufficient to establish federal-question jurisdiction: race-based employment discrimination claims against her former employer and her union. That is exactly the issue being sorted out in the case before Judge Lee (3:07-cv-629). Young-Smith is evidently frustrated with the way that litigation has unfolded, and she feels she has new grievances against her former attorney, opposing counsel, and others

that need to be redressed. But even though her original case had everything to do with federal law, her new grievances have nothing to do with it, at least based on my review of the allegations contained in the extant complaint.

## ANALYSIS

Evaluating whether a complaint adequately states a federal cause of action or raises a substantial question of federal law can be a little tricky. *Coando v. Coastal Oil & Gas Corp.*, 44 Fed. App'x. 389, 395 (10th Cir. 2002) (A "district court's task in assessing the substantiality of a claim for purposes of jurisdiction can be difficult."). If no federal jurisdiction exists the Court is obviously not permitted to substantively evaluate the allegations in a complaint; and yet determining whether federal jurisdiction exists requires at least a superficial substantive analysis of its allegations. This is a particularly tricky task when the plaintiff is proceeding *pro se*, given that courts are obliged to give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The difficulty of this analysis is generally solved by giving deference to the allegations in a well-pled complaint. Thus the vast majority of complaints that even casually invoke the Constitution or federal statutes will be sufficient to establish federal-question jurisdiction because the jurisdiction of the federal courts "is not defeated . . . by the possibility that the averments in the plaintiff's complaint might fail to state a cause of action on which the plaintiff could actually recover." *Bell v. Hood*, 327 U.S. 678, 685 (1946); *Jogi v. Voges*, 480 F.3d 822, 826 (7th Cir. 2007).

On the other hand, for federal-question jurisdiction to mean anything there has to be some minimal substance to the constitutional allegations. Jurisdiction is not adequately

established when a plaintiff simply slaps the label "constitutional violation" on what is otherwise a plain-old state tort claim. In such instances – where the federal claim is so "insubstantial" or "implausible" as to not truly involve any federal controversy – dismissal for lack of subject-matter jurisdiction is appropriate. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513, n.10 (2006) ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331, . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (internal quotations omitted); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (internal quotations omitted). The Seventh Circuit recently summarized this principle aptly:

> It [is] not enough to utter the word "Constitution" and then present a claim that rests on state law. If it were, every claim that a state employee committed a tort, or broke a contract, could be litigated in federal court. It is therefore essential that the federal claim have some substance – that it be more than a pretext to evade the rule that citizens of a single state must litigate their state-law disputes in state court.

*Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). *See also Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 299 (7th Cir. 2003) (commenting that a federal-question allegation can be "*so* feeble, so transparent an attempt to move a state law dispute to federal court . . . that it does not arise under federal law at all") (emphasis in original).

This describes exactly what Young-Smith has done here. The Complaint she initially filed in this case, along with her First Amended Complaint, both were explicitly premised solely on state law claims. Her first Complaint stated causes of action for defamation, injurious

4

falsehood, invasion of privacy, and intentional and negligent infliction of emotional distress. [DE 1.] Her Amended Complaint then made repetitive fraud claims. [DE 11.] All of these were state law claims; there is not a single reference to the Constitution or a federal statute in them. As a result, the Defendants moved to dismiss for lack of federal subject-matter jurisdiction. It was only after being served with those motions to dismiss that Young-Smith started peppering references to alleged federal violations throughout subsequent versions of her complaints, culminating in the extant complaint – the second version of her Third Amended Complaint. [DE 61.]

The second version of her Third Amended Complaint is still explicitly premised on state-law causes of action – fraud, defamation, negligence, etc. It is true that scattered throughout those claims are assorted references to the Constitution and various federal civil rights statutes. But these haphazard references, which are wholly disconnected from her substantive state law claims, qualify as both "insubstantial" and "implausible" in that they fail to create a "federal claim [with] some substance." *Steel Co.*, 523 U.S. at 89; *Avila*, 591 F.3d at 553.

A few examples will serve to illustrate the point. Count VII of the Complaint is explicitly labeled as a claim based on fraud, conspiracy to commit fraud, and "perjury." In that count Young-Smith goes on for several pages about all the bad things that defendant Bodensteiner (her former attorney) allegedly did when he represented her in the case before Judge Lee. Then, stuck in the middle of the claim, is the following elliptical reference to federal law:

> At all times unless otherwise stated, Defendants violated Plaintiff's rights to due process allowed under the United States and Indiana Constitution and under the statutes stated above, including but not limited to 42 U.S.C. 1983 and 1985; including by submitting false evidence, omitting evidence relevant to Plaintiff's

> case, and committing knowingly and intentionally committed unethical and illegal acts to violated Plaintiff rights under as set out above;

[DE 61 at 29.] Here's another example: "Yokich [the Union's attorney] prevailed on four counts of summary judgment by making false statements to deceive the court while Bodensteiner [Plaintiff's former attorney] hid information to deceive the court and violate rights guaranteed to Plaintiff under the Constitution of America; specifically, 1985 of Title 42 or 1986 and 1987." [DE 61 at 22.] In still other instances, the references to federal law are so disconnected from the substantive allegations that they are "completely devoid of merit [so] as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89. For example, the section titled "Violation of Plaintiff's Title VII rights, Civil Rights and Constitutional rights," goes on for six pages without a reference to any federal statute or Constitutional right. [DE 61 at 106-111.] Instead, the allegations are all about various alleged acts of malpractice, negligence, and fraud perpetrated on the Court by her former attorney and opposing counsel regarding the discovery process and the summary judgment proceedings in her employment discrimination case. [*Id.*]

As the Seventh Circuit has stated, "vague allusions to civil liberties cannot transform . . . state-law claims into a federal question." *Wei Zhou v. Marquette University*, 444 Fed. App'x. 896, 897 (7th Cir. 2008). *See also Ventre v. Datronic Rental Corp.* 482 Fed. App'x. 165, 168 (7th Cir. 2012) ("Lopinski and most of the persons named in his petition are not diverse, the allegations he makes sound in common-law fraud, and Lopinski's involvement with some of the putative defendants in past litigation does not create federal subject-matter jurisdiction even if the prior suit included federal claims.").

Therefore, even construing the second version of Young-Smith's Third Amended Complaint liberally, its references to federal law are too insubstantial to secure the jurisdiction of

this Court. Young-Smith cannot, as she has done in her Third Amended Complaint, just "utter the word 'Constitution' [or Title VII, Section 1983, etc.] and then present a claim that rests on state law." *Avila*, 591 F.3d at 553. Doing so is insufficient for federal-question jurisdiction.

Whether Young-Smith's Third Amended Complaint states viable claims will be for an Indiana state judge to decide, should she choose to refile the case in state court. But it is clear that this Court has no jurisdiction to decide that question. The Third Amended Complaint is therefore **DISMISSED WITHOUT PREJUDICE**. *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("[D]ismissal for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) . . . is not a decision on the merits and, therefore, constitutes dismissal without prejudice."). The Clerk shall treat this civil action as **TERMINATED**. All further settings in this action are hereby **VACATED** and all pending motions are **DENIED AS MOOT**.

**SO ORDERED.**

Entered: March 21, 2013.  s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT